# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | |
|---|---|
| ALEXIS WHITE, | ) |
| | ) Civil Action File No. |
| Plaintiff, | ) |
| | ) |
| v. | )  JURY DEMANDED |
| | ) |
| MOHAWK ESV, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT FOR DAMAGES

Alexis White, through counsel, hereby sues the Defendant, Mohawk ESV, Inc., for pregnancy discrimination under the Pregnancy Discrimination Act of 1978, 42 U.S.C. 21 § 701(k) et seq. For her cause of action, Plaintiff states as follows:

PARTIES

1. Plaintiff Alexis White ("Ms. White") is an adult citizen and resident of Whitfield County, Georgia. Ms. White was employed by Defendant for approximately eleven (11) months until she was terminated in May 2020. Ms. White was employed in Whitfield County, Georgia at all times relevant to this Complaint.

2. Defendant Mohawk ESV, Inc. ("Mohawk"), is a Delaware corporation with locations in Whitfield County, Georgia. Mohawk ESV, Inc.'s registered agent is CSC of Cobb, Inc. whose address is 192 Anderson Street SE, Suite 125, Marietta, GA 30060.

## JURISDICTION AND VENUE

3. This action raises federal questions over which this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3).

4. Venue is proper pursuant to 28 U.S.C. § 1391 because the Defendant may be found in this District, employment records relevant to Plaintiff's claims of action are maintained in this District and because a substantial part of the events or omissions giving rise to this claim occurred in this District.

## FACTUAL ALLEGATIONS

5. In May 2020, Ms. White was pregnant and employed by Mohawk as a twister operator.

6. On May 5, 2020, at approximately 3:00 a.m. Ms. White became sick as a result of her pregnancy. Ms. White notified her supervisor, Donald Barton, via text message that she was going home.

7. On May 5, 2020, at approximately 5:05 p.m. Ms. White notified Donald Barton that she was still sick and intended to go to the doctor.

8. Upon information and belief, Ms. White's next scheduled day to work was May 8, 2020. Prior to the start of her shift, Ms. White sent a text message to Donald Barton notifying him that she was still sick and would not be in that day. Donald Barton texted Ms. White that she needed to contact the human resources department.

9. On May 9, 2020, Ms. White emailed Sandra Maldonado in Mohawk's human resources department as requested and notified Donald Barton of the attempted contact.

10. Ms. White attempted to return to work on May 11, 2020, but was told she could not return without speaking to Sandra Maldonado.

11. Ms. White finally received a response from Sandra Maldonado on May 13, 2020. Ms. Maldonado notified Ms. White that she had been terminated for failing to report to work on May 6th and 7th.

12. In response to Ms. Maldonado's email, Ms. White provided Ms. Maldonado copies the texts she sent to Donald Barton and notified her that she was not scheduled to work on May 6th and 7th. Yet again, Ms. White tried to return to work but was told she could not return until Ms. Maldonado spoke to Ms. White's supervisor.

13. On May 20, 2020, after a week of no communication from Mohawk, Ms. White applied for unemployment benefits to have some income. Ms. White was notified by her unemployment representative that Mohawk discharged her as of May 4, 2020, for voluntarily quitting. Ms. White's last day working at Mohawk was May 5, 2020.

## PREGNANCY DISCRIMINATION ACT OF 1978

14. Ms. White filed an EEOC charge in this case with regard to Defendant. A Notice of Right to Sue Letter was issued to Ms. White by the EEOC on June 24, 2021. Therefore, Ms. White has exhausted her administrative remedies by filing a charge of discrimination with the EEOC.

15. At all relevant times herein, Defendant employed over 15 persons.

16. At all times relevant herein, Defendant was vicariously liable for the actions and conduct of their employees, agents, and representatives.

17. Ms. White alleges that Defendant discriminated against her and discharged her because of her pregnancy in violation of the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 701(k), et seq.

18. Defendant acted with reckless disregard for Plaintiff's protected rights.

19. As a result of Defendant's culpable acts or omissions as set forth herein, Plaintiff was improperly discriminated against and is entitled to compensation for past, present, and future wages and benefits, incidental damages, compensation for emotional distress, humiliation, mental anguish, embarrassment, pain and suffering, other non-pecuniary losses, and attorneys' fees and costs.

<u>WHEREFORE PLAINTIFF PRAYS</u>:

a. That Plaintiff be awarded compensation in an amount to be determined at trial for past, present, and future wages and benefits, incidental damages, compensation for emotional distress, humiliation, mental anguish, embarrassment, pain and suffering and other non-pecuniary losses;

b. That the Court award Plaintiff the punitive damages allowed by law;

c. That the Court award Plaintiff the attorneys' fees and costs incurred in prosecuting this action, and other discretionary costs allowed by law;

d. The Court award the Plaintiff such other, further, and general relief to which he may be entitled;

e. That a JURY be empaneled to try this action.

Respectfully submitted,

**MASSEY & ASSOCIATES, P.C.**

*/s/ R. Ethan Hargraves*
R. Ethan Hargraves; GA No. 798389
6400 Lee Highway, Ste. 101
Chattanooga, TN 37421
Ph: 423.697.4529
F: 423.634.8886
ethan@masseyattorneys.com
*Attorney for Plaintiff*